(109 So. 398)

No. 27591.

MENARD v. KLINGER.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. Partnership ⚖➡328(3).

Evidence *held* sufficient on which to render money judgment against partner in suit for accounting on dissolution of partnership.

2. Costs ⚖➡260(4).

Appeal from money judgment in suit for partnership accounting *held* not to warrant award of damages for frivolous appeal, because liability of defendant had been determined on former appeal and case remanded to fix amount.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Paul H. Menard against Samuel Klinger, in which defendant filed a reconventional demand. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 156 La. 1081, 101 So. 718.

J. D. Dresner and M. L. Dresner, both of New Orleans, for appellant.

Joseph Harris Brewer, of New Orleans, for appellee.

ROGERS, J. This is a suit for an accounting arising out of the dissolution of a partnership entered into for the purpose of engaging in the business of purchasing and selling raw furs and hides. The facts are set forth in the opinion of the court when the case was before us on a former occasion. See Menard v. Klinger, 156 La. 1081, 101 So. 718. In that decision the issue of defendant's liability to plaintiff was settled, but as the court, from the record as presented, was unable to translate the liability into a money judgment, the case was remanded for the purpose of ascertaining the prices at which the furs should have been sold, and for the adjustment of the accounts btween the parties according to the views expressed in the opinion.

On the trial of the case on the remand, much evidence was adduced, a certified public accountant was appointed to audit the accounts of the partnership, and the court then rendered judgment in favor of the plaintiff against the defendant for $6,281.60, with interest and costs, and dismissing defendant's reconventional demand. Defendant appealed from the judgment, and plaintiff has answered the appeal asking for the award of damages because of the frivolous nature of the appeal.

[1] It is earnestly argued on behalf of the defendant that the record as now presented offers no better basis than the original record

for the rendition of a judgment against him. This is not so. The catalogue of the St. Louis Fur Auction Exchange showing the sales made in February, 1920, not offered on the original hearing, was produced and filed in evidence, on the second trial of the case. This catalogue and the catalogue showing the sales during the same period on the New York Fur Auction Exchange contain a complete record of the sales of the furs belonging to the partnership formerly existing between the parties. These records were supplemented by the testimony of officers of both exchanges and by other witnesses showing the facts. The expert accountant appointed by the court was able to check the catalogues against the invoices and account sales produced by the defendant, thereby establishing a complete record of his operations, not only upon the New York Auction Exchange, which was shown on the prior trial, but also on the St. Louis Auction Exchange, which had not been theretofore satisfactorily established. This report, moreover, has placed before the court in understandable form the whole account between the parties, showing the debits chargeable against them and the credits to which they are entitled.

We are unable to agree with defendant's contention that the proof fails to show the bids set forth in the catalogues as being immediately below the bids at which the furs were adjudicated to defendant were bona fide offers of purchase. We think the genuineness of the bids is reasonably shown by the testimony; and the defendant, who handled the entire transaction, has not testified to, nor established, the contrary.

We have carefully considered the testimony and examined the documents offered in evidence, and have reached the conclusion that the judgment appealed from is correct.

[2] This is not a case calling for the award of damages for a frivolous appeal.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.

ST. PAUL, J., concurs in the decree.